THIRD DEPARTMENT, JUNE, 2001

(June 1, 2001)

■ In the Matter of SAMUEL V. CONVERY, JR., an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [726 NYS2d 165] —Per Curiam. Respondent was admitted to practice by this Court in 1985. He maintained his office in New Jersey, where he was admitted to practice in 1969.

Effective February 23, 2001, the Supreme Court of New Jersey suspended respondent from practice for a period of six months and until further order of that Court. The suspension was based upon respondent's prior conviction in April 1998 of a Federal misdemeanor for promising employment or other benefits to local government officials in New Jersey as consideration for political activity, specifically obtaining a zoning variance on behalf of respondent's client, in violation of the Hatch Act (see, 18 USC § 600). Respondent was sentenced to three years' probation conditioned on confinement to his home for three months, performance of 500 hours of community service and payment of a $5,000 fine.

Petitioner moves for an order imposing reciprocal discipline (see, 22 NYCRR 806.19). Respondent has filed a reply affidavit in mitigation.

We grant petitioner's motion and further conclude that the discipline imposed by this Court should be the same as that imposed in New Jersey, i.e., suspension from practice for six months, effective immediately.

Cardona, P. J., Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from practice for a period of six months, effective immediately, and until further order of this Court; and it is further ordered that, for the period of his suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; he is forbidden to appear as an attorney and counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (see, 22 NYCRR 806.9); and it is further ordered that, upon any application for reinstatement, respondent shall prove his reinstatement in New Jersey, show compliance with the attorney registration requirements (see, Judiciary Law § 468-a; 22 NYCRR part 118)

and make the showing required by this Court's rules regulating reinstatement (*see,* 22 NYCRR 806.12 [b]).